THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Holly C. Gamble, Petitioner,
 
 
 

v.

 
 
 
 John M. Parker, Winston-Carlyle, Inc., LLC, Winston Carlyle Inc., Park West, LLC, Winston-Carlyle & Company, Inc., and South Port Capital Corporation, Respondents.
 
 
 

ON WRIT OF CERTIORARI TO 
THE COURT OF APPEALS

Appeal from Richland County
Alison Renee Lee, Circuit Court Judge

Memorandum Opinion No. 2005-MO-055
Heard October 4, 2005 - Filed November 7, 2005

REVERSED

 
 
 
 James E. Smith, Jr. of Smith Ellis & Stuckey, P.A., of Columbia; and Julianne Farnsworth, of Farnsworth Law Firm, LLC, of Columbia, for petitioner.
 Mark W. Hardee, of Columbia, for respondents.
 
 
 

JUSTICE MOORE:  This case is before us to review the Court of Appeals unpublished decision affirming a directed verdict in this action to recover real estate commissions.  We reverse.
FACTS
Petitioner Gamble worked as an on-site real estate salesperson at two residential developments, The Gates of Park West in Mt. Pleasant and The Gates of Wildwood in Columbia.  She was hired by respondents on October 1, 1998, and was terminated on May 6, 1999.  Under the original terms of her employment, petitioner was entitled to a 1.5% commission on all contracts that closed and she received a $3,000 per month draw against future commissions.  
After her termination, petitioner requested an accounting of her commissions on eighty-one properties she claimed she sold in Park West and ten in Wildewood.  In response, respondents offered her a financial settlement of .4% commission on seventy-seven properties in Park West and .75% on eight properties in Wildewood.  
Petitioner refused respondents settlement offer and commenced this action for unpaid real estate commissions alleging a violation of the South Carolina Payment of Wages Act, breach of contract, fraudulent misrepresentation, fraud, and unjust enrichment.  
At the close of petitioners case, the trial judge granted respondents motion for directed verdict on all causes of action except unjust enrichment finding petitioner failed to offer any evidence of closings on the contracts for which she claimed commissions.  The Court of Appeals affirmed.
ISSUE
Was a directed verdict properly granted?
DISCUSSION
Petitioner does not dispute that under the terms of her employment with respondents she is entitled to commissions only on contracts that ultimately closed.  At trial, she specifically stated she was not owed any commission on contracts that did not close.  She further testified, All I am asking for is the 1.5 percent on all the sales that I generated that are closed.  She calculated the commissions owed her for Park West to be $134,926 based on an average sales price of $112,438.46 for the eighty properties she sold.  For the eight properties she sold in Wildewood, she calculated commissions due were $12,734.80.[1]  She contends this testimony raised an inference that these properties indeed closed, and therefore there was sufficient evidence to withstand respondents motion for directed verdict.  We agree.
A directed verdict should not be granted when the evidence yields more than one inference or the inference is in doubt.  Steinke v. South Carolina Dept. of Labor, Licensing and Regulation, 336 S.C. 373, 520 S.E.2d 142 (1999).  On review, the evidence and all reasonable inferences must be viewed in the light most favorable to the party against whom the verdict was directed.  Quesinberry v. Rouppasong, 331 S.C. 589, 503 S.E.2d 717 (1998).  Viewed in this favorable light, petitioners testimony stating she was claiming commissions only on contracts that closed and calculating her commissions raised an inference that closings occurred on these sales.  This evidence was sufficient to submit the case to the jury.  
We need not address petitioners remaining issue.  The Court of Appeals decision affirming the directed verdict is REVERSED.
TOAL, C.J., WALLER, BURNETT AND PLEICONES, concur.

[1]Petitioner concluded the total amount of commissions owed was $147,660.80, minus amounts respondents had already paid her in draws, leaving a balance due of $124,553.87.